IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

On Point Courier and Legal
Services, LLC, and Carlos Hicks,

    Plaintiffs,

v.                                                              Civ. No. 2:20-cv-00811 MIS/KRS

U-Haul International, Inc.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(6) or, in the Alternative, Motion to Stay Litigation and Compel Arbitration, and the related briefing. ECF Nos. 39, 40, 42.

## BACKGROUND[1]

In December of 2019, Plaintiff On Point Courier and Legal Services, LLC ("On Point") entered into an agreement (the "Dealership Contract") to become an independent U-Haul dealer. ECF No. 39-1. This meant that Plaintiff One Point was to act as an agent of U-Haul for the purpose of renting U-Haul equipment. *Id*. at 1. The Dealership Contract was signed by Ernest W. Lugo, as representative of Plaintiff On Point, on December 3,

---

[1] These facts are drawn from the allegations of the Amended Complaint. ECF No. 38. In addition, the Court considers the Dealership Contract attached to Defendant's Motion. ECF No. 39-1. Without converting a Rule 12(b)(6) motion to one for summary judgment, the court may consider "(1) documents that the complaint incorporates by reference; [and] (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity[.]" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal citations and quotation marks omitted). Plaintiffs' claims are avowedly based on the Dealership Contract, ECF No. 38 at ¶ 4, and Plaintiffs do not dispute the authenticity of the exhibit. Consideration of the Dealership Contract was necessary in this case because of the paucity of facts alleged in the Amended Complaint.

1

2019. *Id*. at 9. It was signed by a representative of "U-Haul Co. of Southern New Mexico" on December 4, 2019. *Id*. Consequently, at the time Plaintiff signed, the portions denoting (1) the name of the signatory for U-Haul, and (2) U-Haul's signature and address, were left blank. ECF No. 38 at ¶ 15.

In addition to specifying the terms of the dealership arrangement, the Dealership Contract contained the following arbitration clause:

> Dealer and U-Haul agree that any and all disputes, lawsuits, legal controversies, legal actions or legal claims (all collectively an "Action") arising out of or relating to this Agreement shall be settled by mandatory and binding arbitration. The arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The findings of the arbitrator may not change the express terms of this Agreement and shall be consistent with the arbitrator's understanding of the findings a court of proper jurisdiction would make in applying the applicable law to the facts underlying the Action.

ECF No. 39-1 at 7–8. The Dealership Contract also provided, in pertinent part, that the agreement could be terminated "by either party without cause or breach and for any reason on thirty (30) days prior written notice" as well as "by either party for material cause or breach on prior verbal notice or written notice." *Id*. at 14.

At some point following the execution of the Dealership Contract,[2] Plaintiff alleges that Defendant terminated the agreement without cause and without giving 30 days' notice as specified above. ECF No. 38 at ¶ 31. As a result, Plaintiff On Point was forced to store Defendant's property at considerable expense. *Id*. at ¶ 33. At some other unspecified time, Plaintiff Carlos Hicks slipped out of an improperly maintained U-Haul

---

[2] The Amended Complaint is silent with respect to all relevant dates except for the execution of the Dealership Contract.

truck located in Capitan, New Mexico, and sustained injuries to his left foot, right knee, and back. *Id*. at ¶ 49–50. These respective events form the bases for Plaintiffs' breach of contract and personal injury claims.

Plaintiffs filed suit in the Twelfth Judicial District Court of Otero County on June 23, 2020, and the action was removed to this Court on August 12, 2020. ECF Nos. 1, 1-1. The operative Amended Complaint was filed April 23, 2021, alleging claims of breach of contract, personal injury, and fraud. ECF No. 38. Defendant's Motion is now before the Court.

## LEGAL STANDARD

### *Failure to State a Claim*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

*Federal Arbitration Act*[3]

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a valid arbitration agreement exists, the court must stay proceedings and direct the parties to proceed to arbitration. *Id*. §§ 3, 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). This provision "reflects 'a liberal federal policy favoring arbitration agreements,' and creates 'a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *BOSCA, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1170 (10th Cir. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Where, however, the scope, validity, or enforceability of the arbitration agreement is in dispute, the court must first determine whether the parties agreed to arbitrate the claims alleged. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985). This is determined with reference to the "federal substantive law of arbitrability," *id*., and applicable state law, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31

---

[3] Neither party disputes that the Federal Arbitration Act applies to the Dealership Contract. The Dealership Contract itself states: "Dealer and U-Haul agree that because the rental of U-Haul Equipment under this Agreement affects and involves interstate commerce, the Federal Arbitration Act, 9 U.S.C. Section 1, et seq., shall govern this arbitration provision between Dealer and U-Haul." ECF No. 39-1 at 7. The application of the FAA to the Dealership Contract appears consistent with applicable law. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003).

4

(2009). The FAA establishes that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24–25.

## DISCUSSION

### 1. *Motion to Dismiss for Failure to State a Claim*

Defendant first seeks dismissal of Plaintiffs' claims on the basis that it was not a party to the Dealership Contract, which was signed by "U-Haul Co. of Southern New Mexico,"[4] and therefore cannot be sued under its provisions. ECF No. 39-1 at 9.

As a general rule, nonsignatories are not subject to suit for contract-based claims. *See*, *e.g.*, *Crawford v. Taylor*, 270 P.2d 978, 979 (N.M. 1954). However, Plaintiffs invoke the doctrine of apparent authority in support of their position that Defendant is a proper party. Under New Mexico law, "[a] principal is bound by the apparent authority of his agent, irrespective of whether he has actual authority, if the agent is placed in a position which would lead a reasonably prudent person to believe that the agent did indeed possess that apparent authority." *Vickers v. North Am. Land Dev., Inc.*, 607 P.2d 603, 605 (N.M. 1980). This doctrine is based on the principle that "when one of two innocent parties must suffer, the loss must fall upon the party who created the enabling circumstances." *Id*. at 67 (quoting *Southwestern Portland Cement v. Beavers*, 478 P.2d 546, 549 (N.M. 1970)).

---

[4] In the Amended Complaint, Plaintiffs allege that "[o]n March 25, 2021, upon inquiry form [sic] On Point, U-Haul first alleged that U-Haul Co. of Southern New Mexico is a 'd/b/a' of another U-Haul dealer in New Mexico," though this "allegation . . . has not been proven." ECF No. 38 at ¶ 19. It is unclear why Plaintiffs have not also filed suit against this entity.

The Amended Complaint alleges as follows:

20. The individuals from U-Haul held themselves out to be associated with the defendant, not U-Haul Co. of Southern New Mexico. Such was the case in their words, deeds, actions and appearance.

22. In this case, U-Haul empowered the representatives who were present at the signing of the contract to act on its behalf.

23. On Point reasonably inferred, and continues to infer, from U-Haul's conduct that it has granted such powers to these suspicious representatives.

26. The U-Haul representatives that were present for the signing of this contract identified themselves with the defendant, not an independent dealer, in all of their representations.

ECF No. 38 at 4–5. In addition, Plaintiffs allege that the U-Haul representatives did not sign the contract at the time of execution and the portion denoting the company name was, accordingly, left blank. *Id.* at ¶ 14–15.

Taking the above allegations as true and drawing all reasonable inferences in Plaintiffs' favor, the Court finds the Amended Complaint sufficient to state a claim with respect to Defendant's liability. A reasonably prudent person might believe, under those circumstances, that the U-Haul representatives had apparent authority to contract on Defendant's behalf. *See Vickers*, 607 P.2d at 605. Defendant's motion to dismiss under Rule 12(b)(6) is therefore denied.[5]

---

[5] The undersigned acknowledges that it is possible—indeed, likely—that further discovery will reveal Defendant is *not* the proper party. At this procedural posture, however, the Court must base its decision on the plausible allegations of the Amended Complaint and not on the probability that they can be proven. *Iqbal*, 556 U.S. at 678.

## 2. *Motion to Compel Arbitration*

In the alternative, Defendant asks the Court to compel arbitration in accordance with paragraph 5 of the Dealership Contract. The Court will grant this request for the reasons explained below.

<u>Enforcement by Defendant</u>

Although Plaintiffs do not raise the issue, the Court must first determine whether Defendant—as a nonsignatory—has the power to enforce the arbitration agreement.

"[T]he issue of whether a nonsignatory can be bound by or compel arbitration under an arbitration agreement is governed by state law." *Belnap v. Iasis Healthcare*, 844 F.3d 1272 (10th Cir. 2017) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009)). Because the Dealership Contract does not contain a choice-of-law provision, the Court applies the law of New Mexico. "As a general rule, an arbitration clause is only binding on the parties to the underlying agreement and not on third parties." *Edward Family L.P. v. Brown*, 140 P.3d 525, 530 (N.M. Ct. App. 2006). However, the New Mexico Court of Appeals has recognized the existence of an exception "based on principles of equitable estoppel":

> (1) When a signatory to the agreement must rely on the terms of the agreement in making a claim against a non-signatory; or (2) when a signatory alleges [substantial interdependence] and concerted misconduct by both another signatory and a non-signatory, making arbitration between signatories meaningless.

*Frederick v. Sun 1031, LLC*, 293 P.3d 934, 941 (N.M. Ct. App. 2012) (quoting *Horanburg v. Felter*, 99 P.3d 685, 689 (N.M. Ct. App. 2004)). In *Dawson v. StrucSure Home Warranty, LLC*, 338 P.3d 123, 127–28 (N.M. Ct. App. 2014), the appeals court applied

equitable estoppel to compel arbitration where non-signatory plaintiffs brought suit against signatory defendants based on a contract with an arbitration agreement. The court reasoned that the plaintiffs, "having voluntarily chosen to seek a direct benefit from the warranty by attempting to enforce its terms against [the defendant], may not now seek to repudiate one of the warranty's provisions." *Id*. In a subsequent, unpublished decision, the appeals court applied the *Horanburg* exceptions to uphold a nonsignatory's enforcement of an arbitration agreement against a signatory. *Mulqueen v. Radiology Assocs. of Albuquerque, P.A.*, 2019 N.M. App. Unpub. LEXIS 46, at *17–21 (N.M. Ct. App. 2019).[6]

Based on the available case law from the New Mexico Court of Appeals, the undersigned concludes, as other courts in this District have done, that the New Mexico Supreme Court would likely recognize Defendant's right to compel arbitration against Plaintiffs in the case at bar. *See Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002) ("When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."); *Rock Roofing, LLC v. Travelers Cas. & Surety*

---

[6] Although the question is governed by state law, the Court observes that this reasoning is in accordance with numerous decisions by federal appellate courts. *See, e.g.*, *Brantley v. Republic Mortg. Ins. Co.*, 424 F.3d 392, 395–96 (4th Cir. 2005) (holding that equitable estoppel "applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory" and when the signatory "raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract"); *JLM Indus. V. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004) ("[A] non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate where . . . the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." (quotation omitted)); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (holding that a signatory "cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory").

*Co. of Am.*, 413 F. Supp. 3d 1122, 1131 (D.N.M. 2019) (finding that the New Mexico Supreme Court would likely recognize equitable estoppel as permitting nonsignatories to compel arbitration). Plaintiffs' claims fall under the first *Horanburg* exception, as all claims against Defendant arise out of the Dealership Contract.[7] It would be patently unjust to allow Plaintiffs to bring claims against Defendant "[arising] out of . . . the contract between On Point and U-Haul," ECF No. 38 at ¶ 4, while simultaneously evading the arbitration agreement that contract contains. The Court therefore finds that principles of equitable estoppel permit Defendant to compel arbitration despite its nonsignatory status.[8]

<u>Arguments Against Enforcement</u>

The remaining question is whether the arbitration agreement of the Dealership Contract is invalid or unenforceable for some other reason "exist[ing] at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Plaintiffs raise two arguments against its enforcement: (1) that it is presently unclear whether U-Haul International, Inc., is the proper party, and (2) that Defendant has waived its right to arbitrate.[9] ECF No. 40 at 3–5.

---

[7] In addition, Plaintiffs arguably allege the kind of concerted misconduct between Defendant and the signatory "U-Haul Co. of Southern New Mexico" that would satisfy the second *Horanburg* exception.

[8] By the same token, although Plaintiffs present no objection on this basis, the Court finds that nonsignatory Plaintiff Hicks' claims, which are expressly based on and arise out of the Dealership Contract, are likewise subject to arbitration. *See Damon*, 338 P.3d at 127 ("[W]e hold that Plaintiffs, having voluntarily chosen to seek a direct benefit from the warranty by attempting to enforce its terms against [the defendant], may not now seek to repudiate one of the warranty's provisions."). Defendant has not moved to dismiss Plaintiff Hicks' claims on the basis that he was not a party to the Dealership Contract, and the undersigned expresses no opinion on that point. To whatever extent Plaintiff Hicks is empowered to enforce the contract, however, the Court finds that enforcement of the arbitration agreement against him is consistent with New Mexico law and the principles of equitable estoppel.

[9] Plaintiffs also allege, in the Amended Complaint, that at the time of signing "there was no mention of an arbitration clause" and Plaintiff "did not knowingly agree to the arbitration clause." ECF No. 38 at ¶¶ 34–35. They do not raise this as a basis for denying Defendant's Motion in their Response brief, *see generally* ECF No. 40, and it would in any case be unavailing. "Each party to a contract has a duty to read

The first argument is easily disposed of. Plaintiffs elected to bring suit against U-Haul International, Inc., based on the provisions of the Dealership Contract. For the reasons explained with reference to Defendant's Motion to Dismiss, the Amended Complaint is sufficient to state a claim with respect to Defendant's liability. Plaintiffs may not, therefore, evade the arbitration agreement of the Dealership Contract in pursuing their claims. *See* 9 U.S.C. §§ 3, 4 (where a valid arbitration agreement exists, the court must stay proceedings and direct the parties to proceed to arbitration). In other words, Plaintiffs' claims against Defendant must proceed in arbitration or not at all.[10]

With respect to waiver, Plaintiffs contend that Defendant should not be allowed to enforce the arbitration agreement because it "den[ied] On Point the opportunity to seek arbitration" and "act[ed] inconsistently to an intent to arbitrate." ECF No. 40 at 5. They allege in the Amended Complaint that:

> 36. U-Haul waived any right to arbitration by continuing to negotiate a potential settlement outside arbitration, despite On Point agreeing to arbitrate the matter in the past.
>
> 37. It would be unjust to permit U-Haul to continue to participate in settlement negotiations, initially deny arbitration to On Point, but then demand arbitration if they do not receive the settlement they unilaterally want.

ECF No. 38 at 6.

---

and familiarize himself with its contents before he signs and delivers it, and if the contract is plain and unequivocal in its terms, each is ordinarily bound thereby." *Smith v. Price's Creameries*, 650 P.2d 825, 829 (N.M. 1982).

[10] Plaintiffs' contention that "it is inconsistent for defendants to claim to not be a party to this contract but move to compel arbitration," ECF No. 40 at 3, is incorrect. Defendant moved to dismiss all claims on the basis that it was not a proper party, but moved, in the alternative, to compel arbitration if the Court found that it was. ECF No. 39. There is nothing inconsistent in this position. As Plaintiffs acknowledge, *see* ECF No. 40 at 3, there is some doubt about the propriety of Defendant's involvement in this suit.

Waiver of the right to arbitrate under the FAA is a question of federal law. The Tenth Circuit has recognized two forms of waiver: "(1) when a party intentionally relinquishes or abandons its right to arbitration; [and] (2) when a party's conduct in litigation forecloses its right to arbitrate." *BOSCA, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1170 (10th Cir. 2017). A party may waive its right to arbitration by conduct where it "voluntarily submits its claims to a court for relief," *id*. at 1174–75, or where it repeatedly refuses the other party's attempts to arbitrate, *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 773 (10th Cir. 2010). "An important consideration in assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process." *Hill*, 603 F.3d at 773. "The burden of persuasion lies with the party claiming that the right to demand arbitration has been waived." *Id*. at 775.

Neither basis asserted by Plaintiffs compels a finding of waiver. Preliminary settlement negotiations do not foreclose the possibility of future arbitration. A party may initiate litigation without waiving its right to arbitrate so long as the litigation does not proceed beyond its early stages. *See BOSCA*, 853 F.3d at 1174–76. Nor have Plaintiffs carried their burden to show that "initially deny[ing] arbitration,"[11] ECF No. 38 at ¶ 37, without more, constituted an intentional relinquishment of the right to arbitration. Such intentional relinquishment is found rarely and in circumstances distinguishable from the present case. *See*, *e.g.*, *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1005, 1008–09 (9th Cir. 2005) (finding waiver where the plaintiff employee filed a notice of intent to arbitrate and

---

[11] Based on the allegations of the Amended Complaint, it is unclear whether Defendant actually denied a request by Plaintiffs to arbitrate or whether Plaintiffs are merely characterizing Defendant's attempts to pursue settlement as a "denial" of arbitration. For purposes of this Motion the Court assumes the former and nevertheless finds, as explained herein, that Defendant has not waived its right to enforce the arbitration agreement.

paid her share of the filing fee, but the defendant employer declined to reply to multiple requests from the American Arbitration Association and only moved to compel arbitration after the plaintiff filed suit in court). Plaintiffs cite no relevant case law to support their assertion of waiver, and there is no evidence that Defendant has "manipulat[ed] the judicial process" through its conduct. *Hill*, 603 F.3d at 773. Pursuant to the FAA, "any doubts concerning the scope of arbitration"—including, specifically, allegations of waiver—should be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24–25. The Court therefore finds that the arbitration agreement is valid, enforceable, and applies to Plaintiffs' claims against Defendant. Defendant's motion to compel arbitration is therefore granted.

### 3.     *Motion to Dismiss Fraud Claim Pursuant to Rule 9(b)*

Finally, the Court declines to decide Defendant's motion as it pertains to the particularity with which Plaintiffs' fraud claim has been pled. Having determined that Plaintiffs' claims against Defendant fall within the scope of a valid and enforceable arbitration agreement, the Court lacks discretion to rule on the merits of those claims and must instead direct them to arbitration. *See Dean Witter Reynolds*, 470 U.S. at 218.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(6) or, in the Alternative, Motion to Stay Litigation and Compel Arbitration (ECF No. 39) is **GRANTED IN PART** and **DENIED IN PART**. The Court **DENIES** Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6); **GRANTS** Defendant's motion to compel arbitration; and declines to rule on Defendant's motion pursuant to Federal Rule of Civil Procedure 9(b), as set forth above.

IT IS THEREFORE ORDERED that the parties **SHALL PROCEED** to arbitration, and that all proceedings in this Court are **STAYED** pending arbitration of Plaintiffs' claims.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE